■ Marine Midland Bank, Respondent, v Neil C. Greenblatt et al., Defendants, and Jane C. Kaplan et al., Intervenors-Appellants. — In an action to foreclose a mortgage on certain real property, the intervenors appeal, as limited by their brief, from so much of an order of the Supreme Court, Rockland County (Ruskin, J.), dated October 29, 1982, as granted plaintiff's motion for confirmation of the referee's report of sale and for an order directing the referee to pay plaintiff $2,585.28 held by the referee in escrow, and denied the intervenors' cross motion for summary judgment in their favor, and for an order directing the referee to pay the 1982-1983 school tax on the property out of the sale proceeds. Order modified, by deleting the provision granting plaintiff's motion. As so modified, order affirmed, insofar as appealed from,

without costs or disbursements, and matter remitted to the Supreme Court, Rockland County, for further proceedings consistent herewith. The intervenors purchased the property in question on August 20, 1982 at a foreclosure sale. The judgment of foreclosure and the terms of sale provided that the referee was to pay from the proceeds of the sale "the taxes, assessments or water rates which are or may become liens on the premises at the time of sale". At the closing, plaintiff, the foreclosing mortgagee, agreed that when it sought confirmation of the referee's report it would also seek a court determination as to whether the 1982-1983 school tax on the property had become a lien as of the sale date. Thereafter, plaintiff moved by order to show cause for confirmation of the referee's report of sale and for an order directing the referee to pay it $2,585.28 which the referee held in escrow for payment of the school tax. The plaintiff argued that the school tax had not become a lien because the Nyack Union Free School District's (hereinafter School District) fiscal year did not begin until September 1, 1982, because "school tax adjustments in Rockland County are uniformly made as of September 1" and because the intervenors did not show that the School District had complied with the prerequisites to the establishment of a tax lien listed in articles 5 and 13 of the Real Property Law. The intervenors cross-moved for an order directing the referee to pay the 1982-1983 school tax out of the proceeds of the foreclosure sale. In support of their cross motion they submitted an uncertified copy of the minutes of the school board's August 17, 1982 meeting at which time the school board adopted the tax rate for the 1982-1983 fiscal year. The intervenors also submitted a copy of the 1982-1983 school tax statement for the property they purchased which listed the warrant date as August 17, 1982. The intervenors asserted that the adoption of the tax rate implies that the school board confirmed the school tax roll. They argued that because a school tax becomes a lien "as of the date * * * of the confirmation or final adoption of the school tax roll by the school authorities" (Real Property Tax Law, § 1312), the 1982-1983 school tax had become a lien as of August 17, 1982. Special Term concluded that plaintiff was entitled to the funds held in escrow because the intervenors did not prove that the school tax had become a lien as of the sale date. As noted above, a school tax becomes a lien when the school tax roll is confirmed. A warrant for the collection of school taxes empowers the collecting officer "to collect from every person named on such school tax roll the sum set opposite his name" (Real Property Tax Law, § 1318, subd 1). Thus, issuance of the warrant implies adoption of the school tax roll. The intervenors, therefore, created a triable issue of fact as to whether the school board confirmed the school tax roll prior to the sale date and thereby created a lien for the 1982-1983 school tax. Thus, the matter must be remitted to the Supreme Court, Rockland County, for further development of the facts. Lazer, J. P., Gulotta, Brown and Boyers, JJ., concur.